# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ALFREDO OCHOA MORANDO, | CASE NO. 1:08-cv-01620-SMS PC |
| Plaintiff, | ORDER STRIKING SECOND AMENDED COMPLAINT FOR FAILURE TO COMPLY WITH COURT ORDER, AND PROVIDING PLAINTIFF WITH ONE FINAL OPPORTUNITY TO FILE A COMPLAINT IN COMPLIANCE WITH ORDER OF DECEMBER 16, 2008 |
| v. | |
| SCOTT P. RAWERS, et al., | |
| Defendants. | |
| | (Doc. 13) |
| | ORDER DIRECTING CLERK'S OFFICE TO SEND COMPLAINT FORM |

Plaintiff Jose Alfredo Ochoa Morando ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the original complaint on October 27, 2008, and an amended complaint on December 9, 2008. On December 16, 2008, the Court issued an order striking both complaints from the record for excessive length and directing Plaintiff to file a second amended complaint not to exceed twenty-five pages. On January 23, 2009, Plaintiff filed a second amended complaint that is one-hundred three pages, not including exhibits.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). Rule 8(a) expresses the principle of notice-pleading, whereby the pleader need not give an elaborate recitation of every fact he may ultimately rely upon at trial, but only a statement sufficient to "'give the defendant fair notice of what the plaintiff's claim

1

1 is and the grounds upon which it rests.'" Swierkiewicz v. Sorema N. A., 534 U.S. 506, 511-12, 122
2 S.Ct. 992 (2002) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99 (1957)).

3     Plaintiff's original complaint was forty-eight pages, his first amended complaint was seventy
4 pages, and his second amended complaint is one-hundred three pages. Plaintiff was informed by the
5 Court in its order that his original and first amended complaints violated Rule 8(a) and they were
6 stricken from the record. Plaintiff was ordered to submit a complaint within thirty days that
7 complied with Rule 8(a) and was no longer than twenty-five pages. Plaintiff was advised that it is
8 unnecessary for him to make legal arguments or cite to cases or statutes. Plaintiff was further
9 advised that he should only identify his individual claims to the extent he is able to (e.g., Eighth
10 Amendment claim or excessive claim), and should briefly state the relevant facts in support of each
11 claim, linking each named defendant to the violations of his rights he is alleging. However, in direct
12 violation of the Court's order, Plaintiff submitted an even lengthier complaint.

13     The second amended complaint shall be stricken from the record. **The Court will provide**
14 **Plaintiff with one final opportunity to file a complaint that complies with the order of**
15 **December 16, 2008. <u>The failure to file a complaint that meets the requirements identified by</u>**
16 **<u>the Court in its order of December 16, 2008, will result in dismissal of this action.</u>**

17     Based on the foregoing, it is HEREBY ORDERED that:
18     1.    Plaintiff's second complaint is stricken from the record for failure to comply with the
19         Court's order of December 16, 2008;
20     2.    The Clerk's Office shall send Plaintiff a complaint form;
21     3.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a
22         third amended complaint that complies with Rule 8(a) and does not exceed twenty-
23         five pages in length; and
24 ///
25 ///
26 ///
27 ///
28 ///

4.  The failure to comply with this order **will** result in dismissal of this action, without prejudice.

IT IS SO ORDERED.

**Dated:   January 27, 2009**          /s/ Sandra M. Snyder
                                         UNITED STATES MAGISTRATE JUDGE